IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTANDER CONSUMER USA INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| FRANK T. PEARSON and DONNA K. PEARSON, | ) |
| Defendants; | ) |
| and | ) |
| FRANK T. PEARSON and DONNA K. PEARSON, | ) |
| Counter-Claimants, | ) |
| vs. | ) CIVIL NO. 11-17-GPM |
| SANTANDER CONSUMER USA INC., | ) |
| Counter-Defendant; | ) |
| and | ) |
| FRANK T. PEARSON and DONNA K. PEARSON, | ) |
| Third Party Plaintiffs, | ) |
| vs. | ) |
| HSBC BANK and HSBC AUTO FINANCE, | ) |
| Third Party Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court are Defendants/Counter-Claimants/Third Party Plaintiffs Frank T. and Donna K. Pearson's motions for default judgment against Counter-Defendant Santander Consumer USA Inc. (Doc. 5) and Third Party Defendants HSBC Bank and HSBC Auto Finance (Doc. 6).[1] The Pearsons filed their countersuit and third party complaint on December 17, 2010 in the Fifth Judicial Circuit, Cumberland County, Illinois case *Santander Consumer USA, Inc., successor in interest to HSBC Auto Finance, Inc. v. Frank T. Pearson and Donna K. Pearson*, case no. 2010 SC 118. That Cumberland County case was opened on November 19, 2010 when Santander Consumer USA, Inc. filed its "Verified Complaint for Detinue and Other Relief." The Pearson's countersuit/third party complaint named several additional parties–including the FBI and Director of the FBI, who removed the action to this Court. Notice of removal was filed January 7, 2011. Santander, HSBC Bank, and HSBC Auto Finance responded to the Pearson's countersuit/third party complaint on February 11, 2011 with a motion to dismiss (Doc. 16).[2]

The Pearsons' January 31, 2011 motions for default judgment correctly state that Santander,

---

[1] Santander Consumer USA, Inc. ("Santander") is the Plaintiff/Counter-Defendant in this action. Santander submits that Third Party Defendants HSBC Bank and HSBC Auto Finance are improperly named (Doc. 16). Santander claims that the three entities "Santander," "HSBC Bank," and "HSBC Auto Finance," are actually one party, "Santander Consumer USA, Inc., successor in interest to HSBC Auto Finance, Inc." For the purposes of this Order addressing the Pearson's motions for default judgment, the Court will refer to the parties as-pleaded by the Pearsons.

[2] "For purposes of Rule 15(a), a motion to dismiss does not constitute a responsive pleading." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008), so Santander's motion to dismiss would not have prevented the Pearsons from amending their counterclaim as a matter of course. However, given the stringent standard for entering a default judgment discussed below, the Court construes Santander's motion to dismiss as 'responsive' inasmuch as it evidences Santander's intent to litigate the matter.

HSBC Bank, and HSBC Auto Finance's response was late. At the time the Pearsons filed their motions for default judgment, Santander et al. had not yet replied to the countersuit/third party complaint. According to Federal Rule of Civil Procedure 81(c)(2), Santander, HSBC Bank and HSBC Auto Finance's response to the Pearsons was due within the latest of: 21 days after receipt of the Pearson's counterclaim; or 7 days after the notice of removal was filed. The '21 day' time frame put the response due date at January 7, 2011, while 7 days from the notice of removal gave the parties until January 14, 2011–so January 14, 2011 was the appropriate date for response. FED.R.CIV.P. 81(c)(2). Santander, HSBC Bank, and HSBC Auto Finance's response was thus 17 days past due when the Pearsons filed their motions for default judgment, and ultimately 28 days past due.

In these circumstances, 28 days does not constitute willful disregard of the Pearsons' countersuit/third party complaint and will not support a default judgment. *See A. Bauer Mechanical, Inc. V. Joint Arbitration Bd. Of Plumbing Contractors' Association and Chicago Journeymen Plumbers' Local Union 130 U.A.,* 562 F.3d 784, 791 (7th Cir. 2009) ("Where a party willfully disregards the procedures of the court, we have held that the district court is justified in entering default against that party."). Removal from Cumberland County occurred during the time that Santander, HSBC Bank, and HSBC Auto Finance's response was due, and, as Santander brought the original suit, it is difficult to say that Santander was resisting litigating. Additionally, responding to the Pearson's skeletal complaint may account for added time. The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment. For that reason, a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Board of Trustees of the University of Illinois, et al.,* 473 F.3d 799, 811 (7th Cir.

2007). Default judgment is "a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." *Id.* The Court will not employ default judgment here.

Defendants/Counter-Claimants/Third Party Plaintiffs Frank T. and Donna K. Pearson's motions for default judgment are therefore DENIED.

**IT IS SO ORDERED.**

DATED: May 20, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge