IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SANTANDER CONSUMER USA INC., )
)
        Plaintiff, )
)
vs. )
)
FRANK T. PEARSON and DONNA K. )
PEARSON, )
)
        Defendants; )
)
and )
)
FRANK T. PEARSON and DONNA K. )
PEARSON, )
)
        Counter-Claimants, )
)
vs. )   CIVIL NO. 11-17-GPM
)
SANTANDER CONSUMER USA INC., )
)
        Counter-Defendant; )
)
and )
)
FRANK T. PEARSON and DONNA K. )
PEARSON, )
)
        Third Party Plaintiffs, )
)
vs. )
)
HSBC BANK and HSBC AUTO FINANCE, )
)
        Third Party Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Plaintiff/Counter-Defendant/Third Party Defendants Santander Consumer USA, Inc., HSBC Bank, and HSBC Auto Finance's ("Santander's") motion to dismiss Defendants/Counter-Claimants/Third Party Plaintiffs Frank T. and Donna K. Pearson's counterclaim and third party complaint (Doc. 16). Per Santander, the Pearsons' third party complaint improperly names "HSBC Bank" and "HSBC Auto Finance" as third party defendants while "Santander Consumer USA, Inc., successor in interest to HSBC Auto Finance, Inc." is the proper (and only) Counter-Defendant/Third Party Defendant. This motion to dismiss is made on behalf of named Counter-Defendant and Third Party Defendants "Santander Consumer USA, Inc.," "HSBC Bank," and "HSBC Auto Finance," so the allegedly-incorrect party names do not preclude the Court's consideration of the instant motion.[1] Santander filed this motion February 11, 2011, and the Pearsons responded February 17, 2011 (Doc. 17).

Upon due consideration, the Court GRANTS the motion to dismiss. The Pearson's counter-claim against "Santander Consumer USA, Inc." and third party complaint against "HSBC Bank" and "HSBC Auto Finance" are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6).

BACKGROUND

This action began on November 19, 2010 in Illinois's Fifth Judicial District, Cumberland County, where Santander brought a "verified complaint for detinue and other relief" against Frank T. and Donna K. Pearson. Santander, an auto finance company, claims that it is the ultimate

---

[1] In their response to the motion to dismiss, while the Pearsons protest that they have "sued the right firms," they also admit that "HSBC Bank, HSBC Auto Finance and Santander are all one of the same" (Doc. 17).

assignee of a contract for a 2006 Dodge Ram, which provided that the Pearsons make monthly payments to the seller's assignee (HSBC then Santander). Should the Pearsons default, the contract provided for repossession of the vehicle. Santander claims that the Pearsons did default on their payments and then refused to surrender possession to an independent contractor repossession company hired by Santander. Santander seeks repossession of the vehicle and damages for the Pearsons' alleged wrongful detention of the vehicle.

On December 17, 2010, the Pearsons filed a "complaint and countersuit" against Santander and HSBC Bank, HSBC Auto Finance, the FBI, the Director of the FBI, the Cumberland County Sheriff, and the Cumberland County Sheriffs Office. This "complaint and countersuit" is the subject of the instant motion to dismiss. It is worth including the counterclaim in its entirety here:

> COMES NOW DONNA K. PEARSON AND FRANK T. PEARSON AND STATES THE FOLLOWING TO THIS COURT;
>
> 1. HSBC, and Santander has violated every banking and truth and lending law there is.
> 2. HSBC and Santander has violated Frank t. Pearson and Donna K. Pearsons civil right.
> 3. HSBC and Santander has violated the ricco law.
> 4. HSBC and Santander has caused great physical pain, by having the Pearsons attacked and beaten, emotional, property and personal damage to the Plaintiffs.
> 5. HSBC and Santander have sent people onto private property to commit carjacking, theft of personal property, destruction of personal property, harassment, intimidation criminal trespass, stealing of federal mail belonging to the Pearsons, personal pain and injury to the Pearsons.
> 6. HSBC and Santander had no signed Judges order from any court to trespass onto private property, steal private property, physically and emotionally attack private citizens, and violate the Pearsons civil rights.
> 7. HSBC and Santander have attaked [sic] the Pearsons private property, damaged personal property and attempted to steal the Pearsons property.
> 8. Donna K. Pearson and Frank T. Pearson have no leagally [sic] signed contracts or oral contracts with Santander.
> 9. Donna K. Pearson has called the FBI in Springfield, Illinois to report all of the criminal acts by Santander and HSBC Auto finance. The FBI and the

> Director of the FBI are guilty of nonperformance of duty.
> 10. HSBC Auto Finance and Santander have sent people 33 times on to private property to attack and harass the Pearsons. The people hired by Santander and HSBC Finance used the Federal 911 system to call the Cumberland County Sheriffs office 8 times to illegally come on the Private Property where the Pearsons lived. The Cumberland County Sheriff, and The Cumberland County Sheriffs office have violated the Civil rights of the Pearsons (8) eight times.
>
> WHEREFORE, Donna K. Pearson and Frank T. Pearson the Plaintiffs in this action are asking for 50 million Dollars of each defendant for the pain and suffering they have suffered at the hands of these defendants, A trial by Jury and they ask that if anything happens to them while this case is still in progress that another attorney be allowed to continue in this case if they are incapable, or dead. Donna K. Pearson and Frank T. Pearson prays this court finds in their favor. HSBC Auto finance, and Santander should not be allowed to sue Donna and Frank Pearson in any court or get away with bank fraud, truth and lending fraud, mail fraud, carjacking, theft of personal property, damage to real estate, physical attacks damaging the Pearsons health, violation of Illinois State Laws, trespass, harassment of the Pearsons, and violation of the Pearsons civil rights. The Pearsons are asking for all legal fees, court costs of this action, all medical bills for the physical attacks, and emotional abuse to be paid for by the defendants.

The FBI and the Director of the FBI removed the action to this Court and simultaneously filed a motion to dismiss. The Pearsons later filed a motion for voluntary dismissal of their third party claims against the FBI, the Director of the FBI, the Cumberland County Sheriff, and the Cumberland County Sheriff's Office, which was granted pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (Doc. 11). Santander then responded to the Pearson's counterclaim with this motion to dismiss.

Santander argues that the Pearsons' counterclaim "is devoid of any specific references to conduct committed by Santander" and that Santander cannot discern what they are required to defend from the Pearsons' claims. Santander argues that the counterclaim fails under Federal Rule of Civil Procedure 8 because it provides nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Santander also

argues that the counterclaim should be dismissed pursuant to Rule 12(b)(6) as it "fails to put Santander on notice as to what purported statutory provisions have been allegedly violated, fails to identify what conduct was allegedly committed by Santander that runs afoul of any statute, and fails to identify the factual and/or legal basis for any of the relief requested." Santander further argues that, because the Pearsons voluntarily dismissed an identical claim against Santander in another action in this District before Judge Gilbert (*Pearson et al v. HSBC Bank et al,* 10-959-JPG-SWC), this Court should apply Federal Rule of Civil Procedure 41(a)(1)(B) to dismiss with prejudice.

In their response, the Pearsons claim that Santander hamstrung itself by admitting that it hired an independent repossession contractor. "Santander admits to this court and all concerned that they knowingly broke Federal and State laws. Santander admits they sent 'independent contractors' (uneducated thugs with guns) to go onto private property to harrass [sic], beat, threaten, tresspass [sic], intimidate, destroy private property, stalk, and violate the Pearsons' civil rights. They have admitted to this court that they hired people to break the law." In response to Santander's Rule 8 and 12(b)(6) arguments, the Pearsons attached four pages to their response as "proof" of the claims in their counterclaim. One attachment appears to be a handwritten note from an "Eric" with "Precision Recovery" asking for a call in connection with an attempt to "pick up the Dodge Ram." While this note is unremarkable, if not polite, the tone of the other two notes is more alarming. One handwritten note claims "We have your mail. Put the key in the mailbox you get your mail back." Another handwritten note is taunting, profane, and threatens to "beat that old Federal Police Officer [apparently, Mr. Pearson] to death. Give us the keys you [b]itch." That note says that "Sergio Padilla of Santander told me to do whatever it takes to get that Dodge Truck." The Pearsons give little foundation or explanation for these attached notes, but the insinuation is that these are

handwritten notes left after repossession attempts.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 570 (2007). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Iqbal,* 129 S.Ct. at 1949. While "[s]pecific facts are not necessary," the pleaded facts must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). The Seventh Circuit has succinctly elucidated post-*Twombly* pleading standards:

> So, what do we take away from *Twombly, Erickson,* and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). It is, therefore, "not enough to give a threadbare recitation of the elements of a claim without factual support." *Bissessur v. Indiana Univ. Bd. Of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009). Some factual allegation in the complaint (or here, the counterclaim) is necessary as "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Jackson v. E.J. Branch Corp.,* 176 F.3d 971, 978 (7th Cir. 1999). The claimant need not "'show' anything to survive a motion under Rule 12(b)(6),"–but the claimant *does* need to *allege*. *Brown v. Budz,* 398 F.3d 904, 916 (7th

Cir. 2005).

The Pearsons' counterclaim fails to meet these requirements. "[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened" *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original). The problem here, is that the Court is left asking itself: what 'things' are even alleged to have happened? The dearth of factual allegations in the counterclaim makes it not just implausible, but impossible, to determine what the Pearsons' 'story' is. There are no facts to notify Santander as to the nature of the claims. Instead, there is a laundry list of (often exceptionally vague) laws which Santander is purported to have broken. "[E]very banking and truth and lending law there is" is a good example. This counterclaim is paradigmatic of "bare legal conclusions" which fail to state an actionable claim.

"[A] Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman,* 600 F.3d 726, 733 (7th Cir. 2010), *citing* FED.R.CIV.P. 10(c), 12(d); *Segal v. Geisha NYC LLC,* 517 F.3d 501, 504-05 (7th Cir. 2008). Thus, the "notes" included in the Pearsons' response to the motion to dismiss do not save the faulty complaint itself. It is true that where a complaint "refers to and rests on a contract or other document that is not attached to the complaint, a court might be within its rights to consider that document in ruling on a Rule 12(b)(6) motion to dismiss the complaint without converting the motion into one for summary judgment, so long as the authenticity of the document is unquestioned" *Minch v. City of Chicago,* 486 F.3d 294, 300 n.3 (7th Cir. 2007), but the copies of handwritten notes in the Pearson's response are not unquestionably reliable. The Court will not consider this extraneous "evidence" for the purpose of this motion to dismiss. Importantly, even if the Court were

to consider the veracity of these notes, they do not necessarily make the Pearsons' claims against Santander more plausible. The Pearsons claim that because Santander hired an independent contractor to repossess the vehicle, Santander has acceded to all state and federal claims against it. The argument seems to be that the alleged note-writers must have been agents of Santander. This is neither clear nor necessarily true. Any connection between these unauthenticated notes and the counterclaim is too tenuous and too sketchy to resurrect the Pearsons' factually bare counterclaim.

Santander asks the Court to apply Rule 41(a)(1)(B) and dismiss with prejudice here, but Rule 41(a)(1)(B) explicitly applies when the plaintiff voluntarily dismisses the action. The Pearsons have not moved for voluntary dismissal in this case–though they did dismiss an identical complaint against Santander in the action before Judge Gilbert. The counterclaim will nonetheless be dismissed with prejudice. The state of this complaint is beyond repair. The counterclaim is a brief list of 'defendant-broke-this-law'–vague and wholly unsupported. The Pearsons cannot state a claim against Santander, and their "complaint and countersuit" is therefore DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED: May 20, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
